137 A.3d 530

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. DENNIS WELCH, DEFENDANT–APPELLANT.

April 14, 2016.

This matter having come to the Court on a grant of certification limited to "the issue of whether this indigent defendant is entitled to representation by the Office of the Public Defender on his petition for certification," 223 *N.J.* 162, 121 *A.*3d 385 (2015); and

The Court having appointed Joseph A. Hayden, Esq., to represent defendant; and

The Office of the Public Defender (OPD) and the Attorney General having accepted the Court's invitation to appear in this matter; and

The Court having reviewed the written submissions of counsel and heard oral argument, the Court makes the following findings:

1. Defendant pleaded guilty to first-degree aggravated manslaughter on February 5, 2013. As set forth in the plea form, the State agreed to recommend a sentence of no more than twenty-five years' incarceration, subject to a period of parole ineligibility under the No Early Release' Act (NERA), *N.J.S.A.* 2C:43–7.2. On

August 2, 2013, the trial court conducted a hearing and imposed a twenty-five-year sentence subject to NERA. Defendant appealed and raised certain issues related to his sentence. The Appellate Division conducted argument on the Excessive Sentencing Oral Argument calendar and affirmed.

2. The OPD notified defendant in writing of the panel's decision. The attorney handling the case added that,

[s]ince your case presents no viable legal issue that the New Jersey Supreme Court is likely to consider (*R.* 2:12–4), this Office will not file a Notice of Petition for Certification asking the Court to hear your case. If you disagree with this decision, you may write your own Petition asking the Supreme Court to review your case.

Counsel's letter explained the time limits for filing and offered to provide both defendant and the Supreme Court "with copies of the oral argument transcript and all other required documents," if defendant filed a notice of petition. At a later date, counsel sent defendant a copy of the sentencing transcript, in response to defendant's request, and offered to file documents with the Court. Defendant filed a pro se notice of petition for certification.

3. *N.J.S.A.* 2A:158A–5 outlines the responsibilities of the Public Defender. The statute provides in part as follows:

It shall be the duty of the Public Defender to provide for the legal representation of any indigent defendant who is formally charged with the commission of an indictable offense. ... Representation as herein provided for shall include any direct appeal from conviction and such post-conviction proceedings as would warrant the assignment of counsel pursuant to the court rules.

[*N.J.S.A.* 2A:158A–5.]

4. The OPD maintains that the statute requires it to represent clients in an appeal of right, *see R.* 2:2–3(a), but not in connection with a discretionary petition for certification, *see R.* 2:12–4. The OPD relies, in part, on *Ross v. Moffitt,* 417 *U.S.* 600, 609–19, 94 *S.Ct.* 2437, 2443–48, 41 *L.Ed.*2d 341, 350–56 (1974) (finding no federal constitutional right to counsel for indigent defendant pursuing discretionary state appeal to state supreme court or certiorari to United States Supreme Court). In a letter to this Court, the OPD explained that "attorneys file petitions for certification

... within their discretion, guided by their conclusion that there is a meritorious issue that they believe the Supreme Court should consider."

5. Court-appointed counsel for defendant contends that the right to petition for certification is illusory without the assistance of counsel; that the right to assistance of counsel and the principles of due process and equal protection encompassed in the New Jersey Constitution, *see N.J. Const.* art. I, ¶¶ 1, 10, require that defendant be represented by counsel in this case; and that this Court should exercise its supervisory powers, *see N.J. Const.* art. VI, § 6, ¶ 3, to require the appointment of counsel for indigent defendants who want to petition for certification.

6. During the course of this matter, the OPD has represented to the Court that it abides by the following process in each case: (a) after the Appellate Division issues a judgment in an appeal of right, an attorney continues to represent the defendant by reviewing the case to determine if it presents a potentially meritorious petition for certification, in light of the standards in *Rule* 2:12–4; [1] (b) in cases that the OPD believes meet that standard, the OPD files a petition accompanied by an extended letter brief or a shorter letter that relies on the arguments presented to the Appellate Division; and (c) in cases in which an attorney concludes that he or she cannot certify that a petition "presents a substantial question and is filed in good faith," as required by *Rule* 2:12–7(a), the OPD does not file a petition; instead, as in this case, the OPD notifies defendant of its position in writing and offers defendant copies of the relevant briefs, transcripts, and other documents.

---

[1] *Rule* 2:12–4 provides that "[c]ertification will be granted only if the appeal presents a question of general public importance, which has not been but should be settled by the Supreme Court or is similar to a question presented on another appeal to the Supreme Court; if the decision under review is in conflict with any other decision of the same or a higher court or calls for an exercise of the Supreme Court's supervision and in other matters if the interest of justice requires. Certification will not be allowed on final judgments of the Appellate Division except for special reasons."

7.   The Court accepts the representations of the OPD and finds that the practice set forth in paragraphs 6(a) through (c) comports with the requirements of *N.J.S.A.* 2A:158A–5.   The statute does not require the OPD to file petitions for certification when counsel cannot certify that a filing "presents a substantial question and is. filed in' good faith." *See R.* 2:12–7(a).

For good cause shown, and to ensure consistent compliance with the above practice in the future, it is ORDERED that this matter is referred to the Criminal Practice Committee to prepare a draft amendment to the court rules.   The amendment should incorporate the practice of the OPD outlined in paragraphs 6(a) through (c) as a continuing requirement; and it is further

ORDERED that the above findings and determination resolve the limited issue presented in the pending appeal.   Jurisdiction is not retained.

The Court has considered defendant's additional arguments directed to the merits of his sentencing proceeding, which court-appointed counsel raised, and the Court has determined that the issues presented do not merit further certification.

Chief Justice RABNER and Justices LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ–VINA and SOLOMON, and Judge CUFF (temporarily assigned) join in this order.