**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4979-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DENNIS WELCH,

    Defendant-Appellant.

_____

Submitted March 2, 2020 – Decided June 2, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 11-02-0440.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Dennis Welch, appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant claimed in his PCR petition that his trial counsel rendered ineffective assistance (1) by failing to review discovery with him; (2) by failing to ensure that defendant understood that he was pleading guilty to aggravated manslaughter, not just assault; and (3) by failing to explain that he was facing a twenty-five year sentence. After hearing oral argument and reviewing the record, Judge John Thomas Kelly found that defendant had not established a prima facie case of ineffective assistance warranting an evidentiary hearing. Judge Kelly then denied the PCR petition on the merits. We affirm Judge Kelly's order substantially for the reasons set forth in his thorough and cogent oral opinion.

I.

We presume the parties are familiar with the circumstances leading to the gruesome killing of Michael Hawkins. Given the issues presented in this appeal, those facts need not be recounted in detail in this opinion. As part of the colloquy at the plea hearing, defendant provided a factual basis for the aggravated manslaughter conviction by admitting that he had struck Hawkins multiple times with his fists.

A-4979-17T4

Defendant along with eight others were indicted in connection with a double homicide committed inside defendant's residence.[1] The indictment charged defendant with multiple counts including first-degree murder, first-degree felony murder, first-degree kidnapping, first-degree conspiracy to commit murder/kidnapping, and third-degree hindering apprehension or prosecution. During the jury selection portion of the trial, defendant entered a negotiated guilty plea to an amended charge of first-degree aggravated manslaughter. The plea agreement provided that the State would dismiss all other charges. The agreement expressly provided that defendant could be sentenced to a twenty-five year prison term subject to NERA.

On direct appeal, defendant only challenged the sentence; he did not challenge his conviction. We affirmed the sentence, concluding that the twenty-five year prison term was neither manifestly excessive nor unduly punitive. The New Jersey Supreme Court denied certification. State v. Welch, 225 N.J. 215, 218 (2016).

---

[1] Defendant was indicted only in connection with the killing of Michael Hawkins. He was not charged with the homicide of Hawkins's girlfriend, Muriah Huff, who also was brutally beaten, stabbed, and strangled/suffocated inside the house shortly after Hawkins was killed.

3

Defendant subsequently filed a pro se petition for PCR. Appointed counsel submitted a brief in support of the petition and raised additional arguments, all of which were rejected by the PCR court. Defendant now appeals from Judge Kelly's order and oral opinion denying PCR.

II.

Defendant raises the following contention for our consideration in this appeal:

> POINT I
>
> MR. WELCH IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO COMMUNICATE ADEQUATELY, REVIEW DISCOVERY, AND ASSURE THAT HE UNDERSTOOD HIS PLEA.

III.

We begin our analysis by acknowledging the legal principles that govern this appeal. Post-conviction relief serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. Ibid. The defendant

4

must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second prong of the Strickland test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial,

a trial whose result is reliable." Strickland, 466 U.S. at 687. Counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Id. at 694.

This assessment is necessarily fact-specific to the context in which the alleged errors occurred. For example, when, as in this case, a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (alterations in original)).

A defendant may prove that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462–63. The PCR court should grant an evidentiary hearing when (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; R. 3:22-10(b). "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462–63.

A-4979-17T4

To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Preciose, 129 N.J. at 463. Importantly for purposes of this appeal, "[i]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that [he or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The petitioner must allege specific facts sufficient to support a prima facie claim. Ibid. Furthermore, the petitioner must present these facts in the form of admissible evidence. In other words, the relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

IV.

We have reviewed the record and the briefs submitted by the parties in light of the foregoing legal principles and conclude that defendant has failed to establish the basis for an evidentiary hearing much less the grounds upon which to vacate his guilty plea.

Defendant's claim that counsel did not review discovery with him lacks sufficient merit to warrant all but a brief discussion. See Rule 2:11-3(e)(2). Defendant has not submitted an affidavit or certification to support this claim. We thus conclude this contention is a mere "bald assertion[]" that does not

establish a prima facie case of ineffective assistance warranting an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Additionally, at both the plea hearing and sentencing hearing the trial court asked defendant if he was satisfied with his attorney and whether he had reviewed all pertinent discovery. Defendant answered affirmatively to both questions.

We turn next to defendant's claims that he thought he was pleading guilty to assault, not aggravated manslaughter, and that he did not understand that he could receive a twenty-five year sentence. Defendant blames his trial counsel for his alleged confusion, contending that counsel rendered ineffective assistance by failing to explain the homicide charge he was pleading to and the sentence that could be imposed.

Defendant has also failed to submit an affidavit or certification to support these contentions. But even putting aside that these allegations are mere "bald assertions," ibid., the record before us is more than adequate to affirmatively refute defendant's PCR assertions.

Notably, the trial court at both the plea and sentencing hearings carefully explained the terms and consequences of defendant's guilty plea. The trial court confirmed on several occasions during the plea colloquy, moreover, that defendant understood the terms and consequences of the plea agreement. The

prosecutor at the plea hearing also made clear that the State would be seeking the maximum sentence authorized by the agreement, twenty-five years in state prison.

The record of the plea hearing clearly establishes that the trial court took care to ensure that defendant's guilty plea was entered knowingly, intelligently, and voluntarily; that defendant was competent and not under the influence of alcohol or drugs; that defendant understood that he could be sentenced to a twenty-five year prison sentence subject to the 85% parole ineligibility period required by NERA; and that there was an adequate factual basis to support the aggravated manslaughter conviction. Defendant is hard pressed in light of these on-the-record events to claim that he believed he was pleading guilty to assault rather than aggravated manslaughter,[2] and that he did not understand that the plea agreement permitted a twenty-five year sentence.

We turn next to his attorney's performance with respect to the plea agreement and guilty plea. At the plea hearing, counsel described the terms of the agreement on the record and indicated he believed defendant's plea was knowing, intelligent, and voluntarily. Counsel explained that he had informed

---

[2] We note that the prosecutor at the plea hearing moved to amend the indictment so that defendant could plead guilty to aggravated manslaughter.

defendant that the murder charge would be amended to aggravated manslaughter. Counsel also explained on the record that he had told defendant that while the judge might elect to impose a sentence at the midpoint of the sentencing range rather than the maximum possible sentence, by pleading guilty, defendant was facing the possibility of a twenty-five prison term. The PCR judge concluded from this record that, "counsel was consistently upfront with [defendant] concerning the possibility of the [twenty-five] year sentence." The PCR judge found that "defendant was clearly aware of the consequences of [] pleading guilty." We agree with the PCR court's findings.

In these circumstances, defendant has not overcome the strong presumption that his attorney's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689. Indeed, it is not clear to us what more counsel should have done to make certain that defendant's guilty plea was properly informed. Nor has defendant demonstrated that had counsel done more to explain the circumstances, there was a reasonable probability defendant would have declined the State's plea offer and proceeded with the trial. Nunez-Valdez, 200 N.J. at 139 (citing DiFrisco, 137 N.J. at 457). We note that by pleading guilty to the lesser offense of aggravated manslaughter, defendant was able to avoid the longer sentence that would have been imposed

10

had he been convicted at trial of knowing/purposeful or felony murder, or kidnapping.[3]

V.

In sum, because defendant failed to established a prima facie case of ineffective assistance, the PCR court properly denied his request for an evidentiary hearing, Preciose, 129 N.J. at 463, and properly denied the PCR petition on its merits. To the extent we have not addressed them, any other arguments raised by defendant in this appeal lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] A person convicted of murder must be sentenced either to thirty years without parole or to a life sentence, which translates to more than sixty-eight years without parole under NERA. N.J.S.A. 2C:11-3(b)(1). Had defendant been convicted of first-degree kidnapping, he would have been subject to a mandatory minimum sentence of twenty-five years without parole. N.J.S.A. 2C:13-1(c). We note that the maximum parole ineligibility term under the plea agreement was twenty-one years, three months (85% of twenty-five years).

A-4979-17T4