**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1127-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JULIO RIVERO, a/k/a JULIO
C. RIVERO, JULIO TORRES,
JULIO C. TORRES, JULIO C.
TORRESRIVEROS and
JULIO C. RIVEROS,

    Defendant-Appellant.

_____

Submitted February 28, 2022 – Decided March 11, 2022

Before Judges Vernoia and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-10-1089.

Julio C. Rivero, appellant pro se.

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Julio C. Rivero, who is self-represented, appeals from the October 4, 2019 Law Division order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant has not demonstrated a prima facie case of ineffectiveness and has failed to show good cause for the appointment of counsel. We affirm.

I.

A jury convicted defendant of first-degree carjacking, N.J.S.A. 2C:15-2; first-degree robbery, N.J.S.A. 2C:15-1; third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); third-degree terroristic threats, N.J.S.A. 2C:12-3(a); third-degree resisting arrest, N.J.S.A. 2C:29-2(a); and third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). He was sentenced to a twenty-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed the convictions and sentence. See State v. Rivero, No. A-4179-11 (App. Div. Aug. 4, 2014). The Office of the Public Defender (OPD) notified defendant their office would not provide counsel to file a petition for certification, and he was obligated to arrange for its filing on his own. Defendant did not file a petition for certification from this court's decision.

A-1127-19

On September 18, 2014, defendant filed his first PCR petition, which was denied without an evidentiary hearing. In his first PCR petition, defendant alleged ineffective assistance of trial counsel based on his attorney not presenting an expert witness at trial on the effects of intoxication. We affirmed the denial of the first PCR petition. State v. Rivero, No. A-5562-14 (App. Div. Sept. 14, 2017) (slip op. at 6). On September 27, 2017, defendant filed a petition for certification with our Supreme Court, which was denied. State v. Rivero, 232 N.J. 306 (2018).

Following the Court's denial, the OPD provided defendant with a copy of the order denying his petition for certification. The letter also explained that defendant could file a pro se petition for habeas corpus relief in federal court. Thereafter, defendant did in fact file a petition for habeas corpus in the United States District Court for the District of New Jersey. On July 3, 2018, the habeas corpus petition was denied without prejudice because defendant failed to exhaust his state court remedies, including by failing to file a petition for certification from our decision affirming his conviction. See Rivero v. Nogan, Civ. No. 18-9105, 2018 U.S. Dist. WL 3242293 (D.N.J. July 3, 2018).

In its August 23, 2018 letter to defendant, the OPD reiterated it would not "file an out-of-time petition for certification" from our affirmance of his

conviction as he had requested. Citing State v. Welch, 225 N.J. 215 (2016), the OPD letter explained "the attorney from the [OPD] that represents [him] gets to make the call whether a case is certification-worthy or not . . . [and] that it is not the defendant's call." In addition, the letter advised defendant he could file a PCR petition as a self-represented litigant.

On February 20, 2019, defendant filed his second PCR petition claiming the OPD provided ineffective assistance of counsel in 2014 when it refused to file a petition for certification following our August 4, 2014 decision.[1] Defendant also requested assignment of a public defender, which was denied. On October 4, 2019, the PCR court dismissed defendant's petition pursuant to Rule 3:22-6(b), which states:

> Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be assigned to the [OPD] only upon application therefor and showing of good cause. For purposes of this section, good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under [Rule] 3:22-4.
>
> [(Emphasis added).]

---

[1] After three months passed from the filing of his second PCR petition and having received no adjudication on its merits, defendant moved for leave to appeal on June 3, 2019. We denied the motion for leave to appeal on September 25, 2019.

The PCR court concluded the OPD was not obligated to file a petition for certification following the affirmance of defendant's conviction on his direct appeal. The judge explained that under Rule 3:8-3,[2] the OPD's obligation to

---

[2] Rule 3:8-3: Representation by Public Defender

> (a) Application; Determination; Referral. The criminal division manager's office shall receive applications for services of the Public Defender and shall determine indigence. A defendant who qualifies for service shall be referred to the [OPD] no later than the arraignment. The defense counsel appointed by the [OPD] shall promptly file an appearance.
>
> (b) Scope of Services. The [OPD] shall represent indigent defendants who qualify for its services through:
>
> (1) Direct appeal from conviction;
>
> (2) Post-conviction proceedings for which the [r]ules of [c]ourt provide assigned counsel;
>
> (3) Direct appeal from those post-conviction proceedings; and
>
> (4) Review of cases after the Appellate Division issues a judgment in an appeal as of right and compliance with the provisions of paragraph (c) of this Rule following that review.
>
> (c) Services Following Appellate Division Judgment. In cases that present a potentially meritorious petition

5

provide representation exists only through direct appeal. Therefore, the PCR

court held the second PCR petition did not state a cognizable claim because it is

not ineffective assistance of counsel to refuse to provide representation the OPD

has no obligation to provide. A memorializing order was entered.

In this appeal, defendant asserts the following arguments:

> POINT I:
>
> PURSUANT TO [RULE] 3:8-3 AND THE DOCTRINE
> OF EXHAUSTION GOVERNING APPEALS AND
> PCR PETITIONS, THE ASSISTANT PUBLIC
> DEFENDER ERRED IN NOT FILING THE DENIED
> DIRECT APPEAL IN THE NEW JERSEY SUPREME
> COURT FOR PETITION FOR CERTIFICATION.
>
> POINT II:
>
> THE SUPERIOR COURT ERRS IN DETERMINING
> THAT DEFENDANT IS NOT ENTITLED TO BE
> REPRESENTED BY THE [OPD].

---

> for certification in accordance with the standards in
> R[ule] 2:12-4, the [OPD] shall file a petition for
> certification accompanied by a letter brief or a letter
> relying on defendant's Appellate Division arguments.
> In cases in which defense counsel appointed by the
> [OPD] cannot certify that a petition "presents a
> substantial question and is filed in good faith," as
> required by [Rule] 2:12-7(a), the [OPD] shall not file a
> petition but shall notify defendant of this position in
> writing and offer copies of relevant briefs, transcripts,
> and any other documents.
>
> [(Emphasis added).]

6

POINT III:

GOOD CAUSE EXISTS FOR FILING A SECOND
PCR PETITION.

## II.

We review de novo a decision to deny a petition for PCR without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); see also State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (applying a de novo standard of review to the denial of a second petition for PCR). "[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). PCR "is neither a substitute for direct appeal nor an opportunity to relitigate cases already decided on the merits." Ibid. (citations omitted). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "substantial denial in the conviction proceedings" of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey. Ibid.

An appellate court will uphold a PCR court's factual "findings that are supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013). "However, where the [PCR] court does not hold an evidentiary hearing, [this court] may exercise de novo review over the factual inferences the

7

trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing Harris, 181 N.J. at 420-21); see also Jackson, 454 N.J. Super. at 291 (applying a de novo standard of review to the denial of a second petition for PCR). Nevertheless, a PCR court's determinations of law are given no deference and are reviewed de novo. State v. Pierre, 223 N.J. 560, 576-77 (2015) (quoting Nash, 212 N.J. at 540-41). If a question concerns both law and fact, we give deference to supported factual findings but review de novo any legal conclusions. Id. at 577 (quoting Harris, 181 N.J. at 416).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The defendant then must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, we consider whether

counsel's performance fell below an objective standard of reasonableness. Id. at 688.

On appeal, defendant argues he "was not filing a second PCR petition" but instead, he "moved for adherence to [the] [r]ules of [c]ourt so that he could legally preserve issues for filing in the federal courts should that be needed." Defendant claims he would have had "four" meritorious issues to raise in his PCR petition if his counsel had petitioned for certification following his direct appeal, warranting reversal and a retrial. We disagree.

"Procedural bars exist in order to promote finality in judicial proceedings." State v. McQuaid, 147 N.J. 464, 483 (1997). Under Rule 3:22-4(b),

> [a] second or subsequent petition for [PCR] shall be dismissed unless:
>
> (1) it is timely under [Rule] 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through

9

the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first . . . application for [PCR].

Furthermore, Rule 3:22-12(a)(2) delineates the requirements for filing a timely second or subsequent petition for PCR as follows:

Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

The strict time bar imposed under Rule 3:22-12(a)(2) may not be ignored or relaxed, even with good cause. See Jackson, 454 N.J. Super. at 292-94; see also R. 1:3-4(c) (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . [Rule] 3:22-12"). By mandating in Rule 3:22-12(a)(2) that the one-year time limit applied notwithstanding any other provision of the rule, our Court has made clear the late filing of a second or subsequent PCR petition cannot be excused in the same manner as the late filing of a first petition. See Jackson, 454 N.J. Super. at 292-94.

Here, the PCR court correctly dismissed defendant's second petition because it was barred under Rule 3:22-4(b)(1). "Defendant's second PCR petition was not timely under Rule 3:22-12(a)(2)(A) because he claims no newly recognized constitutional right." Id. at 291. Moreover, defendant's second petition was not timely under Rule 3:22-12(a)(2)(B) because his former counsel informed defendant that the OPD would not file a petition for certification on his behalf in 2014 following our decision on his direct appeal.

Defendant did not file his second PCR petition until February 20, 2019—almost five years later. Thus, dismissal was mandated under Rule 3:22-12(a)(2)(B). See ibid. And, defendant's second PCR petition was untimely under Rule 3:22-12(a)(2)(C) because his claim relates to his appellate counsel

and not his PCR counsel, making it an improper ground for a second PCR petition. See R. 3:22-4(b)(2)(A) to (C). We conclude defendant failed to establish any of the criteria under Rule 3:22-4(b)(2) to preclude dismissal of his second PCR petition. Nor is there sufficient evidence supporting defendant's bald assertion that there is a reasonable probability of success on the merits or to establish a prima facie case of ineffective assistance of counsel. Rule 3:8-3(c) addresses representation by the OPD following an Appellate Division judgment:

> In cases in which defense counsel appointed by the [OPD] cannot certify that a petition "presents a substantial question and is filed in good faith," as required by [Rule] 2:12-7(a), the [OPD] shall not file a petition but shall notify defendant of this position in writing and offer copies of relevant briefs, transcripts, and any other documents.

Based upon our careful review of the record, we are satisfied counsel duly notified defendant unequivocally on multiple occasions in writing that the OPD would not file a petition for certification on his behalf as early as 2014 because no "substantial question" was presented. Furthermore, the OPD offered to provide defendant with the necessary documents required to perfect a petition and answer any questions he may have had in the process. Defendant failed to show, when viewing the evidence and record as a whole, there was a reasonable

12

probability that his second PCR would be granted, and he failed to establish a prima facie case under either Strickland/Fritz prong.

III.

We also reject defendant's contention that the PCR court erred in declining to assign him counsel from the OPD relative to his second PCR petition. To support his PCR claim, defendant raised two points on appeal: (1) first, the jury instruction on the defense of intoxication deviated from the model charge and contradicted itself regarding the assignment of proof as to an intoxication defense; and (2) his sentence was manifestly excessive. After we affirmed the convictions and sentence, defense counsel notified defendant, in writing, the OPD's obligation was to represent him "on one appeal to the Appellate Division." Counsel added, "Unfortunately, in your case I see no chance at all that the New Jersey Supreme Court or the federal courts would grant you any relief in this matter."

Under Rule 3:8-3, the PCR court correctly explained the OPD's obligation existed only through direct appeal. Moreover, the PCR court noted defendant was not entitled to the assignment of counsel on his second PCR petition because he failed to demonstrate "good cause" under Rule 3:22-6(b) warranting an appointment of counsel. The PCR court was correct in its analysis. Here, for

13

the reasons we previously detailed, defendant failed to establish the existence of a substantial or legal question as to the merits of his petition.

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1127-19